UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re PLAINS ALL AMERICAN PIPELINE, L.P. SECURITIES LITIGATION | § § § | Lead Case No. 4:15-cv-02404 |
| | § | CLASS ACTION |
| This Document Relates To: | § § | Judge Lee H. Rosenthal |
| ALL ACTIONS. | § § | |
| | § | |
| ALFRED H. DAVIS, Derivatively on Behalf of PLAINS ALL AMERICAN PIPELINE, L.P., | § § § § | C. A. No. 4:15-cv-03632 |
| | § | SHAREHOLDER DERIVATIVE ACTION |
| Plaintiff, | § § | Judge Sim Lake |
| v. | § § | |
| GREGORY L. ARMSTRONG, HARRY N. PEFANIS, AL SWANSON, CHRIS HERBOLD, BERNARD FIGLOCK, EVERARDO GOYANES, GARY R. PETERSEN, JOHN T. RAYMOND, ROBERT V. SINNOTT, J. TAFT SYMONDS, and CHRISTOPHER M. TEMPLE, | § § § § § § § § § § | |
| Defendants, | § § | |
| and | § § | |
| PLAINS ALL AMERICAN PIPELINE, L.P., | § § | |
| Nominal Defendant. | § § § | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF ALFRED H. DAVIS'S MOTION TO CONSOLIDATE**

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................1

II.    THE SECURITIES CLASS ACTION SHOULD NOT BE CONSOLIDATED
       WITH THE DERIVATIVE ACTION ........................................................................1

       A.     The Manifold Differences Between the Two Actions Render
              Consolidation Improper ...................................................................................2

       B.     No Efficiency Is Gained from Consolidation ...................................................7

       C.     The Derivative Action's Motion to Consolidate Is Premature ............................10

III.   CONCLUSION........................................................................................................12

1138932_1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Baughman v. Pall Corp.*,
  250 F.R.D. 121 (E.D.N.Y. 2008) ..........................................................................11

*Clark v. Lomas & Nettleton Fin. Corp.*,
  79 F.R.D. 658 (N.D. Tex 1978) ...............................................................................5

*Clark v. Louisiana*,
  No. 00-0956-JJB-DLD, 2012 WL 4471187
  (M.D. La. Sept. 6, 2012) .........................................................................................2

*Dupont v. S. Pac. Co.*,
  366 F.2d 193 (5th Cir. 1966) ...................................................................................2

*Ferre v. McGrath*,
  No. 06 Civ. 1684 (CM), 2007 U.S. Dist. LEXIS 29490
  (S.D.N.Y. Feb. 16, 2007) .......................................................................................11

*Flores v. Koster*,
  No. 3:11-CV-0726-M-BH, 2013 U.S. Dist. LEXIS 26439
  (N.D. Tex. Jan. 22, 2013) .........................................................................................6

*Frazier v. Garrison I.S.D.*,
  980 F.2d 1514 (5th Cir. 1993) ..........................................................................1, 2, 7

*Glauser v. EVCI Career Coll. Holdings Corp.*,
  236 F.R.D. 184 (S.D.N.Y. 2006) ...........................................................................11

*Green Meadows Partners LLP v. Tomkinson*,
  No. SACV 06-91 CJC (RNBx), 2006 U.S. Dist. LEXIS 100873
  (C.D. Cal. June 6, 2006) .......................................................................................5, 9

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*,
  No. 06-cv-1260 (KAM), 2009 U.S. Dist. LEXIS 100158
  (E.D.N.Y. Oct. 27, 2009) ......................................................................................5, 6

*In re Bear Stearns Cos., Inc. Sec. Derivative & ERISA Litig.*,
  No. 07-Civ-10453, 2008 U.S. Dist. LEXIS 106327
  (S.D.N.Y. Jan. 5, 2009) ............................................................................................9

*In re Datatec Sys. Sec. Litig.*,
  No. 04-CV-525 (GEB), 2006 U.S. Dist. LEXIS 78843
  (D.N.J. Oct. 30, 2006) ..............................................................................................7

**Page**

*Janvey v. Adams*,
   588 F.3d 831 (5th Cir. 2009) ...................................................................6

*Johnson v. Kerney*,
   No. CV-91-4028 (CPS), 1993 U.S. Dist. LEXIS 18503
   (E.D.N.Y. Dec. 22, 1993) .......................................................................8

*Levine v. Am. Export Indus., Inc.*,
   473 F.2d 1008 (2d Cir. 1973)..................................................................5

*Parker v. Hyperdynamics Corp.*,
   126 F. Supp. 3d 830, 835 (S.D. Tex. 2015) ...................................2, 7, 8

*Pedigo v. Austin Rumba, Inc.*,
   No. A-08-CA-803-JRN, 2010 U.S. Dist. LEXIS 78631
   (W.D. Tex June 24, 2010)........................................................................1

*Rhode Island Laborers Pension Fund v. Krasnoff*,
   No. 2:08-cv-00144 (E.D.N.Y. May 29, 2008) .......................................12

*Rochester Laborers Pension Fund v. Monsanto Co.*,
   No. 4:10CV1380 CDP, 2010 U.S. Dist. LEXIS 101869
   (E.D. Mo. Sept. 28, 2010) .......................................................................9

*Sanders v. VeriFone Sys.*,
   No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000
   (N.D. Cal. Oct. 7, 2013)...........................................................................9

*Sprint Commc'ns., L.P. v. Cox Commc'ns., Inc.*,
   No. 11-2683-JAR-KMH, 2012 U.S. Dist. LEXIS 69431
   (D. Kan. May 18, 2012) .....................................................................10, 11

*Synovus Bank v. Coleman*,
   No. 1:11cv66, 2012 U.S. Dist. LEXIS 7062
   (W.D.N.C. Jan. 23, 2012) ......................................................................10

*Touchstone Grp., LLC v. Rink*,
   No. 11-cv-02971-WYD-KMT, 2012 U.S. Dist. LEXIS 98746
   (D. Colo. July 16, 2012)................................................................5, 8, 10

Page

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§77k ..........................................................................................................4, 8
§77l(a) ...........................................................................................................4
§77o ..............................................................................................................4
§77z-1 ....................................................................................................4, 7, 8, 9
§78j(b) ....................................................................................................4, 7, 8
§78t(a) ..........................................................................................................4
§78u-4(b)(3)(B) ............................................................................................8

Federal Rules of Civil Procedure
Rule 8 ...........................................................................................................4
Rule 9 ...........................................................................................................4
Rule 12(b)(6) ...............................................................................................10
Rule 23 .....................................................................................................4, 8
Rule 23.1(b) .................................................................................................4
Rule 23.1(b)(3) ...........................................................................................10
Rule 42 .........................................................................................................1
Rule 42(a) .....................................................................................................1
Rule 42(a)(2) ...............................................................................................1
Rule 42(a)(3) ...............................................................................................1

17 C.F.R.
§240.10b-5 ...................................................................................................4

**SECONDARY AUTHORITIES**

9A Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure  (3d ed. 2010)
§2383..........................................................................................................1

1138932_1

## I.    INTRODUCTION

Plaintiffs submit this brief in opposition to the motion to consolidate *Davis v. Armstrong*, No. 4:15-cv-03632 (S.D. Tex.) (Lake, J.) (the "Derivative Action") with this action (the "Securities Class Action") (together with the Derivative Action, the "Actions") filed by the Derivative Action's plaintiff, Alfred H. Davis ("Davis").  Davis fails to carry his burden of establishing that the Actions involve common questions of law and fact sufficient to warrant consolidation.  To the contrary, the Actions involve different plaintiffs with different interests, different defendants, different claims with different elements, different governing statutes, different pleading requirements, and different procedural paths.  Even assuming some overlap in the two Actions' underlying facts, consolidation will engender confusion and prejudice to the Securities Class Action plaintiffs in light of Plains All-American Pipeline, L.P.'s ("Plains") role as a ***defendant*** in the Securities Class Action and the putative ***plaintiff*** in the Derivative Action.  Moreover, Davis fails to establish that consolidation will help to avoid unnecessary costs or delay.  Finally, Davis's motion is premature in light of the uncertainty regarding his ability to overcome defendants' motion to dismiss and whether the Derivative Action is even permitted to proceed in this District, consolidated or otherwise.  Accordingly, Davis's motion must be denied.

## II.    THE SECURITIES CLASS ACTION SHOULD NOT BE CONSOLIDATED WITH THE DERIVATIVE ACTION

"If actions before the court involve a common question of law or fact," Rule 42 allows district courts to "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2)-(3).  But "the mere fact that a common question is present, and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §2383 (3d ed. 2010).  Rather, "[f]ederal district courts have very broad discretion in deciding whether or not to consolidate." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993); *see also Pedigo v. Austin Rumba, Inc.*, No. A-08-CA-803-JRN, 2010 U.S. Dist. LEXIS 78631, at *1-*2 (W.D. Tex June 24, 2010) ("[t]he district court has broad discretion in determining whether two or more actions have common questions of law and fact and whether consolidation would save time

and money"); *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966) (courts "should be most cautious not to abuse [their] judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and the circumstances of the particular case").

Moreover, consolidation is appropriate only if it will help "avoid unnecessary costs or delay." *Frazier*, 980 F.2d at 1532; *see also Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015) (Harmon, J.) (consolidation is permissible only if supported by "'convenience and economy in administration' though not 'if it would prejudice the rights of the parties'"). Finally, "[t]he party moving for consolidation bears the burden of showing that the cases should be consolidated." *Clark v. Louisiana*, No. 00-0956-JJB-DLD, 2012 WL 4471187, at *1 (M.D. La. Sept. 6, 2012).[1]

### A.  The Manifold Differences Between the Two Actions Render Consolidation Improper

Here, where the myriad differences of law and fact among the two Actions far outweigh the few areas of commonality, consolidation is improper. Although both Actions involve some generalized, common facts, that is where the similarities among the Actions end. Indeed, the basic threshold necessary for consolidation is not met in this case given the vast differences between the Securities Class Action and the Derivative Action, as summarized in the following table:

|  | Securities Class Action | Derivative Action |
|---|---|---|
| ***Different Parties***: |  |  |
| Plaintiff(s) | Investors who purchased securities issued by Plains All American Pipeline, L.P. and Plains GP Holdings, L.P. | An investor on behalf of Plains All American Pipeline, L.P. |
| Defendants:<br>1. Plains All-American Pipeline, L.P.<br>2. Plains GP Holdings, L.P.<br>3. PAA Finance Corp.<br>4. PSS GP Holdings LLC<br>5. PAA GP LLC<br>6. Plains AAP, L.P.<br>7. Plains All American GP LLC<br>8. Barclays Capital Inc. | X<br>X<br>X<br>X<br><br><br><br>X | Nominal only<br><br><br><br>X<br>X<br>X<br> |

---

[1]   Citations and footnotes are omitted and emphasis is added unless otherwise noted.

|  | Securities Class Action | Derivative Action |
|---|:---:|:---:|
| *Different Parties*: | | |
| 9. BB&T Capital Markets | X | |
| 10. BBVA Securities Inc. | X | |
| 11. BMO Capital Markets Corp. | X | |
| 12. BNP Paribas Securities Corp. | X | |
| 13. CIBC World Markets Corp. | X | |
| 14. Citigroup Global Markets Inc. | X | |
| 15. Deutsche Bank Securities Inc. | X | |
| 16. DNB Markets, Inc. | X | |
| 17. Fifth Third Securities, Inc. | X | |
| 18. Goldman, Sachs & Co. | X | |
| 19. ING Bank N.V. | X | |
| 20. ING Financial Markets LLC | X | |
| 21. J.P. Morgan Securities LLC | X | |
| 22. Ladenburg Thalmann & Co. Inc. | X | |
| 23. Merrill Lynch, Pierce, Fenner & Smith | X | |
| 24. Mitsubishi UFJ Securities (USA), Inc. | X | |
| 25. Mizuho Securities USA Inc. | X | |
| 26. Morgan Stanley & Co. LLC | X | |
| 27. Oppenheimer & Co. Inc. | X | |
| 28. Piper Jaffray & Co. | X | |
| 29. PNC Capital Markets LLC | X | |
| 30. Raymond James & Associates, Inc. | X | |
| 31. RBC Capital Markets, LLC | X | |
| 32. Regions Securities LLC | X | |
| 33. Robert W. Baird & Co. Incorporated | X | |
| 34. Scotia Capital (USA) Inc. | X | |
| 35. SG Americas Securities, LLC | X | |
| 36. Simmons & Company International | X | |
| 37. SMBC Nikko Securities America, Inc. | X | |
| 38. Stephens Inc. | X | |
| 39. Stifel, Nicolaus & Company, Incorporated | X | |
| 40. SunTrust Robinson Humphrey | X | |
| 41. Tudor, Pickering, Holt & Co. Securities | X | |
| 42. U.S. Bancorp Investments, Inc. | X | |
| 43. UBS Securities LLC | X | |
| 44. USCA Securities LLC | X | |
| 45. Wells Fargo Securities LLC | X | |
| 46. Victor Burk | X | |
| 47. Bobby S. Shackouls | X | |
| 48. Robert V. Sinnott | X | |
| 49. Vicky Sutil | X | |
| 50. Bernard Figlock | | X |
| 51. J. Taft Symonds | X | X |
| 52. Christopher M. Temple | X | X |
| 53. Gregory L. Armstrong | X | X |
| 54. Chris Herbold | X | X |
| 55. Harry N. Pefanis | X | X |
| 56. Al Swanson | X | X |
| 57. Everardo Goyanes | X | X |
| 58. Gary R. Petersen | X | X |
| 59. John T. Raymond | X | X |

- 3 -

| *Different Claims*: | | |
|---|---|---|
| Governing law | Federal | State |
| Claims | §10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5<br><br>§20(a) of the Securities Exchange Act of 1934<br><br>§§11, 12(a), 15 of the Securities Act of 1933 | Breach of Fiduciary Duty<br><br>Waste of Corporate Assets<br><br>Contribution |
| Elements | For §10(b):<br>(1) material misrepresentation or omission<br>(2) scienter<br>(3) in connection with the purchase or sale of a security<br>(4) reliance<br>(5) economic loss<br>(6) loss causation<br><br>For §11:<br>(1) an omission or misstatement<br>(2) of a material fact required to be stated or necessary to make other statements made not misleading | For breach of fiduciary duty:<br>(1) existence of fiduciary relationship between plaintiff and defendant<br>(2) breach of fiduciary duty<br>(3) injury to plaintiff or benefit to defendant |
| Other Governing Statutes | Private Securities Litigation Reform Act of 1995 ("PSLRA") | None |
| Pleading Requirements | §10(b): Fed. R. Civ. P. 9<br>§11: Fed R. Civ. P. 8 | Fed. R. Civ. P. 23.1(b) |

| *Different Procedural Paths*: | | |
|---|---|---|
| Discovery Stay | PSLRA provides for a stay of discovery during the pendency of a motion to dismiss | None |
| Class Certification | Fed. R. Civ. P. 23 | None |

First, the plaintiffs in the two Actions represent different, unaligned interests. Thus, consolidation will result in the plaintiffs arguing contradictory positions. Although Davis is purportedly an investor of Plains, he is only a nominal plaintiff bringing the action on behalf of

Plains.  Accordingly, Plains is the actual putative *plaintiff* in the Derivative Action.  *See Clark v. Lomas & Nettleton Fin. Corp.*, 79 F.R.D. 658, 659 (N.D. Tex 1978) (stating that the nominal defendant corporation in a derivative action "'must be realistically considered to be the complainant in the action'").  In fact, the Derivative Action's Complaint *disclaims all wrongdoing by Plains* and states "[t]he claims herein concern acts and omissions that were not authorized by Plains."  *See* Derivative Action Complaint, ¶91.[2]

By contrast, Plains is a *defendant* in the Securities Class Action against which the class members have an adverse interest and from which the putative class seeks to recover damages.  *See* ¶¶326-333, 339-343.[3]  Accordingly, the Complaint in the Securities Class Action is rife with allegations concerning Plains' wrongdoing.  As such, plaintiffs' interests in a consolidated action would conflict vis-à-vis Plains, which would simultaneously – and contradictorily – be a defendant in the Securities Class Action and a putative plaintiff in the Derivative Action.  Under these circumstances, consolidation is inappropriate because it would lead to confusion and prejudice the parties.  *See Green Meadows Partners LLP v. Tomkinson*, No. SACV 06-91 CJC (RNBx), 2006 U.S. Dist. LEXIS 100873, at *3-*5 (C.D. Cal. June 6, 2006) (rejecting consolidation of a shareholder derivative action and a securities class action because it "poses potential conflicts of interest due to the fact that a derivative suit actually is brought on behalf of the corporation while securities class actions assert claims against the corporation"); *Levine v. Am. Export Indus., Inc.*, 473 F.2d 1008, 1009 (2d Cir. 1973) (noting potential conflict of interest posed by counsel's concurrent representation of class action and derivative plaintiffs); *Touchstone Grp., LLC v. Rink*, No. 11-cv-02971-WYD-KMT, 2012 U.S. Dist. LEXIS 98746, at *8-*10, *12 (D. Colo. July 16, 2012) (holding that two actions with different legal claims and plaintiffs with different interests inappropriate for consolidation "for any purpose" prior to class certification); *Gristede's Foods, Inc. v. Poospatuck*

---

[2]    All references to Derivative Action Complaint refer to the Verified Unitholder Derivative Complaint filed by Davis on December 15, 2015 in *Davis v. Armstrong*, No. 4:15-cv-3632 (Dkt. No. 1) (S.D. Tex.).

[3]    All "¶__" or "¶¶__" references are to the Consolidated Amended Complaint filed on January 29, 2016 (Dkt. No. 70) ("Complaint").

- 5 -

*(Unkechauge) Nation*, No. 06-cv-1260 (KAM), 2009 U.S. Dist. LEXIS 100158, at *15 (E.D.N.Y. Oct. 27, 2009) (finding that plaintiffs with unaligned interests was a relevant factor in denying the motion to consolidate). It is therefore unsurprising that defendants similarly oppose Davis's motion to consolidate. *See* Defendants' Notice of Related Cases, Request for Reassignment, and Motion to Consolidate (Dkt. No. 15 in Case No. 4:15-cv-3632) at 2 n.1.

Second, of the 59 defendants among the two Actions, only ***nine*** overlap. Moreover, ***none*** of the Plains entity defendants overlap.[4] The common defendants represent a mere 15% of the defendants named in the two Actions. To the extent that there is any commonality in specific facts between the Actions, the overlap is limited to these few defendants – though, again, the claims to be proved against these defendants are different, are subject to different legal and pleading requirements, and will require different evidence. Accordingly, what little commonality exists between the Actions is far outweighed by the dramatic differences in the parties' claims and legal and factual postures. *See Gristede's Foods*, 2009 U.S. Dist. LEXIS 100158, at *13-*15 (motion to consolidate denied when two actions had only 12 out of 50 common defendants, plaintiffs interests not aligned, and claims have distinct elements).

Third, the Derivative Action asserts breach of fiduciary duties, waste of corporate assets, and contribution claims – a completely different set of state-law claims than the Securities Class Action's federal securities law claims.[5] As a result, the focus of the factual evidence in support of those claims will be different. For example, Plains' allegedly problematic acquisition strategy is the crux of the Derivative Action's breach of fiduciary duties claim. *See* Derivative Action Complaint, ¶1 ("This derivative lawsuit arises from the disastrous consequence of Defendants' strategy of focusing on maximizing the growth of the Company . . . ."); *see also id.*, ¶¶2-4, 8, 56. The Securities Class

---

[4]    Although Plains is named as a nominal defendant in the Derivative Action, no cause of action is asserted against a nominal defendant in a derivative suit. *See Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 U.S. Dist. LEXIS 26439, at *8 (N.D. Tex. Jan. 22, 2013) (citing *Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009)).

[5]    Davis speculates about "the possibility of inconsistent results" as a reason for consolidation, but fails to articulate what those "'possibly conflicting rulings'" might be. Plaintiff Alfred H. Davis' Motion to Consolidate (Dkt. No. 118) ("Motion") at 3-4. Given the completely different set of claims and elements to be proven in each case, such a speculative risk is unlikely.

Action, meanwhile, must prove for its fraud claims that defendants deceived investors about Plains' represented compliance with and commitment to safety regulations and policies. Thus, the alleged wrongdoing in the Derivative Action involves the abdication of a duty arising from a fiduciary relationship supported by factual allegations that will be unique to the Derivative Action. *See, e.g.*, Derivative Action Complaint, ¶43 ("Plains limited partnership agreement purports to limit certain of the general partner's fiduciary duties").

These different legal claims, supported by different factual allegations – and ultimately difference evidence – militate against consolidation. *See Parker*, 126 F. Supp. 3d at 837 (finding that securities law claims and non-securities law claims "involve a different type of wrongdoing under a separate statutory framework with different legal and ethical considerations" even though both sets of claims "rely on fraudulent SEC filings under Section 10(b)"); *In re Datatec Sys. Sec. Litig.*, No. 04-CV-525 (GEB), 2006 U.S. Dist. LEXIS 78843, at *25-*26 (D.N.J. Oct. 30, 2006) (denying consolidation for all pre-trial purposes where one action asserted only securities fraud claims and another action asserted securities fraud, breach of fiduciary duty and other claims for alleged misstatements). Given the numerous differences between the Securities Class Action and the Derivative Action – differences that are likely to cause confusion and prejudice – the Actions should not be consolidated.

### B.    No Efficiency Is Gained from Consolidation

"[T]he purpose of consolidation is to 'avoid unnecessary costs or delay,'" and common issues alone do not justify consolidation. *See Frazier*, 980 F.2d at 1532; *Datatec*, 2006 U.S. Dist. LEXIS 78843, at *24. Here, where Davis has failed to carry his burden of establishing any benefit in mitigating costs or delay, consolidation should be denied.

In addition to the fact that the two Actions involve *different* claims with *different* elements requiring *different* evidence against *different* defendants, the Securities Class Action and Derivative Action are also on different procedural paths and, as such, discovery will not occur in parallel. Two-tracked or, worse, delayed discovery undermines any efficiency from consolidation. Specifically, pursuant to the PSLRA, the Securities Class Action is subject to a discovery stay while a motion to

dismiss is pending. *See* 15 U.S.C. §78u-4(b)(3)(B). Only after defeating the pending motions to dismiss may discovery begin in the Securities Class Action. On the other hand, the Derivative Action is not subject to the PSLRA's discovery stay and may commence discovery regarding its particular claims now. Thus, any claimed overlap in discovery is illusory – to be sure, the type of evidence plaintiffs in the Securities Class Action will seek to prove their securities claims will not be the same type of evidence Davis will seek to prove his breach of fiduciary duty claims.[6]

Moreover, the Derivative Action is not a class action and will not be subject to Federal Rule of Civil Procedure 23's ("Rule 23") class certification requirements. The Securities Class Action plaintiffs, however, will move for class certification pursuant to Rule 23, at the appropriate time, which will involve discovery and briefing related to class certification that is simply inapplicable to the Derivative Action. Thus, the different start-times for discovery combined with varying procedural and legal hurdles among the Actions will lead to disjointed, inefficient discovery. Put simply, "[t]he significant procedural differences in the two cases may cause delays in one or both actions, which constitute another factor weighing against consolidation." *Touchstone Grp., LLC,* 2012 U.S. Dist. LEXIS 98746, at *8-*11 (finding that Rule 23 and PSLRA requirements led to significant procedural differences between class and non-class case "which could cause delays and

---

[6]    In addition to overstating the overlap in factual discovery, Davis erroneously claims that "both Actions will require nearly identical . . . expert discovery." Motion at 5. While consideration of what experts will be required to successfully litigate the Securities Class Action is still ongoing, the typical experts for a securities class action – often requiring experts for market efficiency, loss causation and damages – has no overlap with the typical experts for a derivative action, which may require an expert regarding corporate governance and another for damages, measured differently than damages measured under the fraud-on-the-market theory in §10(b) cases and under §11's statutory damages formula. To the extent either Action requires an expert specific to Plains, such as a pipeline expert, the focus of their expertise will be put to proving different claims and the misconduct of largely different defendants.

prejudice in one or both actions"). Accordingly, Davis fails to carry his burden of establishing that consolidation will result in efficiencies and reduce delay and costs.[7]

Where, as here, shareholder derivative and securities class actions subject to a motion to consolidate involve different claims, facts, laws, procedural postures, and defendants, courts routinely reject the motion. For example, in *Sanders v. VeriFone Sys.*, No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000, at *6-*7 (N.D. Cal. Oct. 7, 2013), the court rejected a motion to consolidate a derivative action with a related securities class action because the movant "failed to show that consolidation of the shareholder derivative action with the instant securities class action would be appropriate" and because, as here, "the nature of a derivative action differ[ed] substantially from that of a securities class action: the two ha[d] varying procedural and substantive requirements, not the least of which is the requirement that a securities class action, but not necessarily any corollary derivative action, be governed by the PSLRA." Further, the court reasoned, the derivative action "name[d] nine defendants in addition to the named defendants in the securities class action" which could "result in unfair prejudice to these additional parties." *Id.*

Similarly, in rejecting consolidation in *Rochester Laborers Pension Fund v. Monsanto Co.*, No. 4:10CV1380 CDP, 2010 U.S. Dist. LEXIS 101869, at *3-*4 (E.D. Mo. Sept. 28, 2010), the court emphasized that "[t]he two cases have different procedural and substantive requirements, so consolidation would likely delay proceedings and lead to confusion and inefficiency" and cited the existence of different defendants as an additional reason why consolidation was inappropriate. *See also In re Bear Stearns Cos., Inc. Sec. Derivative & ERISA Litig.*, No. 07-Civ-10453, 2008 U.S. Dist. LEXIS 106327, at *19 (S.D.N.Y. Jan. 5, 2009) (rejecting consolidation of a derivative action and a securities class action because "the Derivative Plaintiffs will immediately face factual and legal issues sufficiently independent and distinct from those in the Securities Actions to justify not

---

[7]   Moreover, consolidation of only two actions does not generate any meaningful efficiency gain even when some overlap exists between the cases. *See Parker*, 126 F. Supp. 3d at 836 (distinguishing the benefit of consolidating numerous actions in the Enron and Facebook litigations from the two actions at issue); *Johnson v. Kerney*, No. CV-91-4028 (CPS), 1993 U.S. Dist. LEXIS 18503, at *18 (E.D.N.Y. Dec. 22, 1993) (stating "the efficiency gain by combining these cases would not be substantial since there are only two actions, each of which has different defendants named and concerns different aspects of that event").

- 9 -

consolidating these claims" and in light of "the distinct nature of the claims asserted in the Derivative and Securities Actions, the different individual defendants named in the actions, and, notably, potential conflicts between those claims asserted on behalf of Bear Stearns in the Derivative Action and those asserted against the Company in the Securities Actions"); *Green Meadows*, 2006 U.S. Dist. LEXIS 100873, at *3-*5 (highlighting the myriad legal and factual differences between shareholder derivative actions and securities class actions and holding that "[t]o require both sets of plaintiffs to persist in consolidated actions, while the actions are impeded by issues particular to each group, would result in unnecessary delay and prejudice"). Similarly, here, the divergent procedural, factual, and legal postures of the Actions militate against consolidation.

### C. The Derivative Action's Motion to Consolidate Is Premature

Finally, Davis's motion to consolidate – submitted prior to the resolution of the motions to dismiss – is premature. *See Sprint Commc'ns., L.P. v. Cox Commc'ns., Inc.*, No. 11-2683-JAR-KMH, 2012 U.S. Dist. LEXIS 69431, at *1, *3-*4 (D. Kan. May 18, 2012) (holding that the "motion to consolidate is premature" during pendency of motions to dismiss and noting that judicial economy "would not be served by consolidation at this time, even for purposes of discovery"); *Synovus Bank v. Coleman*, No. 1:11cv66, 2012 U.S. Dist. LEXIS 7062, at *3-*4 (W.D.N.C. Jan. 23, 2012) (finding that plaintiffs' claims are "separate and distinct" and consolidation is inappropriate prior to the court's determination "that only those claims that are properly pled go forward").

In the Derivative Action, Davis failed to make a demand on the Plains' Board of Directors to litigate the claims asserted, arguing, instead, that demand would have been futile based on the alleged lack of impartiality (among other rationales). Thus, Davis's prospect of surviving a motion to dismiss is especially unclear. *See* Derivative Action Complaint, ¶¶92-105; *see also* Fed. R. Civ. P. 23.1(b)(3) (requiring the complaint to "state with particularity . . . reasons for not obtaining the action or not making the effort" to demand the desire action from the directors). Because the Actions must still overcome the motions to dismiss, on entirely different schedules and requiring drastically different arguments, consolidation is unwarranted. *See Touchstone Grp., LLC*, 2012 U.S.

1138932_1

Dist. LEXIS 98746, at *8-*10, *12 (consolidation improper where the lack of overlap between two actions' Rule 12(b)(6) motions constituted a "significant difference[] in questions of law").

Further, defendants contend that the agreements governing the Plains' partnership contain forum selection clauses mandating that derivative actions may *only* be brought in Delaware state court. *See, e.g.*, Defendants' Motion to Dismiss Pursuant to Mandatory Contractual Forum Selection Clause (Dkt. No. 16 in Case No. 4:15-cv-3632). Accordingly, defendants in the Derivative Action have moved to dismiss the case in favor of a newly-filed action in Delaware state court. *Id.* To the extent defendants' arguments have merit, the Derivative Action simply cannot be consolidated with the Securities Class Action in this District. Thus, consolidation is especially premature in light of the prospect that the Derivative Action may be dismissed and re-filed in Delaware. *See, e.g.*, *Sprint*, 2012 U.S. Dist. LEXIS 69431, at *4 (finding "that judicial efficiency is best served by deciding the pending motions to dismiss and transfer prior to any consolidation").

Moreover, Davis fails to mention that his action is not the only shareholder derivative action pending in this District. Indeed, a second shareholder derivative action – *O'Grady v. Plains All American GP LLC*, No. 4:16-cv-00429 (S.D. Tex.) (Werlein, J.) (the "*O'Grady* Action") – was filed in this District in 2016, after the plaintiff in that case made a demand on Plains' Board of Directors. The *O'Grady* Action asserts claims that are nearly identical to those asserted in the Derivative Action. Accordingly, defendants have moved to consolidate the *O'Grady* Action with the Derivative Action before Judge Lake. Judge Lake has not yet ruled on defendants' motion to consolidate the *O'Grady* Action with the Derivative Action. Meanwhile, defendants have also filed motion to dismiss the *O'Grady* Action before Judge Werlein, arguing that – like the Derivative Action – the *O'Grady* Action can only be brought in Delaware state court. *See* Defendants' Motion to Dismiss Pursuant to Mandatory Contractual Forum Selection Clause (Dkt. No. 7 in Case No. 4:16-cv-00429). Judge Werlein has not yet ruled on the motion to dismiss the *O'Grady* Action. The conflicting, multi-faceted procedural, legal, and factual postures of these shareholder derivative cases militate against consolidation with the Securities Class Action.

- 11 -

Davis's authorities in support of his motion to consolidate underscore the prematurity of consolidation prior to rulings on motions to dismiss. For example, although a derivative action was consolidated with a securities action in *Glauser v. EVCI Career Coll. Holdings Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006), it was promptly dismissed months after consolidation for failure to properly plead demand futility based on directors' lack of impartiality. *See Ferre v. McGrath*, No. 06 Civ. 1684 (CM), 2007 U.S. Dist. LEXIS 29490, at *2, *27-*28 (S.D.N.Y. Feb. 16, 2007). Likewise, although a derivative suit was consolidated with a securities suit in *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008), it was voluntarily dismissed one day after consolidation. *See Rhode Island Laborers Pension Fund v. Krasnoff*, No. 2:08-cv-00144, Order Dismissing Case (Dkt. No. 9) (E.D.N.Y. May 29, 2008). In sum, Davis's motion is premature given the uncertainty regarding his ability to overcome defendants' substantive motions and the propriety of prosecuting a derivative action in this forum.

## III.    CONCLUSION

In light of the numerous, substantive differences between the Securities Class Action and Derivative Action, the lack of any showing that consolidation of the Actions will result in efficiencies, and the premature nature of the request for consolidation, consolidation is unwarranted and the motion to consolidate should be denied.

DATED: April 26, 2016                    Respectfully submitted,

                                                    ROBBINS GELLER RUDMAN
                                                        & DOWD LLP
                                                   LUKE O. BROOKS
                                                   DARRYL J. ALVARADO
                                                   ASHLEY M. PRICE
                                                   ANGEL P. LAU

                                                                 s/ LUKE O. BROOKS
                                                            LUKE O. BROOKS

                                              655 West Broadway, Suite 1900
                                              San Diego, CA  92101
                                              Telephone: 619/231-1058
                                              619/231-7423 (fax)

                                              Lead Counsel for Plaintiff

EDISON, MCDOWELL & HETHERINGTON LLP
Andrew M. Edison
Attorney-in-Charge
Southern District Bar No. 18207
andrew.edison@emhllp.com
3200 Southwest Freeway, Suite 2100
Houston, TX  77027
Telephone:  713/337-5580
713/337-8850 (fax)

Liaison Counsel

1138932_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 26, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 26, 2016.

            s/ LUKE O. BROOKS
            LUKE O. BROOKS

            ROBBINS GELLER RUDMAN
                & DOWD LLP
            655 West Broadway, Suite 1900
            San Diego, CA  92101-8498
            Telephone:  619/231-1058
            619/231-7423 (fax)

            E-mail:  LBrooks@rgrdlaw.com

1138932_1

**Mailing Information for a Case 4:15-cv-02404 City of Birmingham Firemen's and Policemen's Supplemental Pension System v. Plains All American Pipeline, L.P.**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas Robert Ajamie**
  tajamie@ajamie.com,dszak@ajamie.com,dmolloy@ajamie.com

- **Darryl J Alvarado**
  dalvarado@rgrdlaw.com

- **Thomas E Bilek**
  tbilek@bileklaw.com,lmank@bileklaw.com

- **Norman J Blears**
  nblears@sidley.com

- **Luke O Brooks**
  lukeb@rgrdlaw.com,lmix@rgrdlaw.com

- **Nicholas E. Chimicles**
  nick@chimicles.com

- **Roger Farrell Claxton**
  roger@claxtonlaw.com

- **Matthew J Dolan**
  mdolan@sidley.com

- **Kimberly M Donaldson Smith**
  kds@chimicles.com

- **Andrew M Edison**
  andrew.edison@emhllp.com,amanda.garza@emhllp.com

- **William B Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Mark K Glasser**
  mglasser@sidley.com,nblears@sidley.com,tscuffil@sidley.com,belinda.howard@sidley.com,txefilingnotice@sidley.com,rtallungan@sidley.com,mdolan@sidley.com

- **Roger B Greenberg**
  roger@smglawgroup.com,sam@smglawgroup.com

- **Michael C Holmes**
  mholmes@velaw.com,bgividen@velaw.com,czieminski@velaw.com,pwright@velaw.com,ebrandon@velaw.com,kmccoy@velaw.com,sbishop@velaw.com

- **Jeffrey S Johnston**
  jjohnston@velaw.com,ehenderson@velaw.com

- **Angel P. Lau**
  Alau@rgrdlaw.com,tdevries@rgrdlaw.com

- **Tracy N LeRoy**
  tleroy@sidley.com,ddenton@sidley.com,belinda.howard@sidley.com,efilingnotice@sidley.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Ashley M Price**
  aprice@rgrdlaw.com

- **Jeremy P. Robinson**
  jeremy@blbglaw.com

- **Christine Donato Saler**
  cds@chimicles.com

- **Joseph R. Seidman , Jr**
  Seidman@bernlieb.com

- **Gerald H Silk**
  jerry@blbglaw.com

- **Carl E Singley**
  csingley@tlgattorneys.com

- **Thane Tyler Sponsel , III**
  sponsel@smglawgroup.com,sam@smglawgroup.com

- **Joe H Tucker**
  jtucker@tlgattorneys.com

- **Robin Wechkin**
  rwechkin@sidley.com

- **Craig Eric Zieminski**
  czieminski@velaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Stanley          Bernstein
Bernstein Liebhard
10 E 40th St
New York, NY 10016

Jeffrey          Haber
Bernstein Liebhard et al
10 East 40th St
New York, NY 10016

Jake             Nachmani
Bernstein Litowitz Berger
1251 Avenue of the Americas
44th Floor
New York, NY 10020
```